United States District Court
Southern District of Texas
**ENTERED**
July 23, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONCEPCION VARGAS, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-CV-04267 |
| | § | |
| ALEJANDRO SALAZAR, ET AL., | § | |
| *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

This employment dispute is before the Court on Defendants' Motion to Dismiss.[1]  ECF 4.  Having reviewed the parties' submissions and the law, the Court recommends that Defendants' Motion to Dismiss be granted in part and denied in part.

### I.    Background

Plaintiff worked as a waitress at Maria Rita's Tex-Mex Kitchen (Maria Rita's).  She initiated this action by filing an Original Petition in Texas state court giving a detailed, if at times confusing, account of her experiences at Maria Rita's.  She recounts the allegedly unfair ways servers were assigned tables and tips were

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 7.  By Order entered June 6, 2024, Defendants were informed that it is Judge Lake's normal procedure to allow only one dispositive motion per party and that if Defendants' pending Motion to Dismiss were denied, they would not be permitted to file a motion for summary judgment.  ECF 23.  Defendants opted to stand on the pending motion to dismiss.  ECF 24.

distributed and describes other acts of favoritism which she contends negatively impacted her wages. *See* ECF 1-2. The Court construes Plaintiff's Original Petition to allege that Defendants' methods of distributing tips is unfair, discriminatory, and in violation of the Fair Labor Standards Act (FLSA). *Id.* She also alleges the tip distribution process created so much animosity among co-workers that in one instance she was physically assaulted by a bartender. *Id.* Plaintiff's Original Petition also alleges Defendants engaged in discrimination, retaliation, and workplace harassment in violation of the Texas Labor Code and Title VII. *Id.*

Defendants removed the case to this federal court on the basis of federal question subject matter jurisdiction. ECF 1. Defendants' Motion to Dismiss, filed on November 17, 2023, argues that Plaintiff's claims must be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) for lack of proper service and pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a plausible claim for relief. ECF 4 at 1. Defendants have indicated a preference for ruling on Rule 12(b)(6) because they seek dismissal with prejudice. ECF 4 at 7-8, 22; ECF 24.

## II.    Motion to Dismiss Pursuant to Rule 12(b)(4) and 12(b)(5)

### A. Legal Standards

The procedural requirement of service of a summons must be satisfied before a federal court may exercise personal jurisdiction over a defendant. *Omni Cap. Int'l*

*v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) are the procedural vehicles for a defendant to challenge service of process.  Rule 12(b)(4) is used to challenge the form of process, such as a misnamed party, while Rule 12(b)(5) is used to challenge the method or means of service. *Gartin v. Par Pharm. Companies, Inc*., 289 F. App'x 688, 691 n.3 (5th Cir. 2008).  The Court has broad discretion to dismiss a case without prejudice for improper service or grant an extension of time to complete service. *Miller v. Am. Summit Ins. Co.,* No. 2:22-CV-05536, 2024 WL 1448649, at *2 (W.D. La. Apr. 3, 2024) (citing *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986) and *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)).

### B. Analysis

The state court issued a Summons on October 16, 2023 directed to Maria Rita's Tex-Mex Kitchen c/o Alejandro Salazar.  ECF 1-2 at 35.  A deputy served the Summons and a copy of the Original Petition by leaving them at Maria Rita's with a Manager named Karen. *Id.* at 36.  Defendants contend that the wrong party was named on the summons, no summons was issued to the individual defendants, and the manager at the restaurant was not authorized to accept service.  ECF 4 at 7.

Despite misnomers in the Summons, Counsel filed the Notice of Removal and the Motion to Dismiss on behalf of all Defendants in their correct names:  "Salazar & Sons Group, LLC d/b/a Maria Rita's Tex-Mex Kitchen," Alejandro Salazar, and

3

Ramon Salazar.  ECF 1 at 1; ECF 4 at 6.  Since filing the Motion to Dismiss, all parties engaged in a Rule 26 conference and submitted a Joint Discovery Case Management Plan jointly requesting entry of a scheduling order.  ECF 13.  At the February 12, 2024 initial conference, Counsel for Defendants asked the Court to order the parties to mediation.  Although Counsel informed the Court of the pending Motion to Dismiss at that time, she never mentioned that Defendants were challenging service.  The Court advised the parties at the initial conference that a ruling on the pending Motion to Dismiss would be deferred until after mediation.  After the initial conference, the parties' submitted competing proposed scheduling orders for the Court's consideration, again without any mention of Defendants' objection to service.  ECF 20.  Defendants also stipulated on the record that they would pay the full cost of mediation and participated in mediation with Plaintiff on May 13, 2024.  ECF 18; ECF 22.  It is unclear whether during this time period Defendants informed Plaintiff that they were maintaining their objection to service, which would have given her the opportunity to correct the problem.

There is no "bright-line rule" for determining when conduct in litigation waives a personal jurisdiction defense. *Special Quality Alloys, Inc. v. Coastal Mach. & Supply, Inc.*, No. 4:22-CV-04258, 2023 WL 7412945, at *2 (S.D. Tex. Nov. 9, 2023) (citing *Brokerwood Int'l (U.S.), Inc. v. Cuisine Crotone, Inc.*, 104 F. App'x 376, 380 (5th Cir. 2004)). Based on the totality of circumstances in this case,

4

including Plaintiff's pro se status, the Court finds that Defendants have waived their objection to deficient service of process.

Even if Defendants had not waived their objection to service, the Court has discretion to correct the deficiency rather than dismiss the case. *Mendez v. Drs. Hosp. At Renaissance, Ltd.*, No. 4:11-CV-02565, 2022 WL 584268, at *4 n.8 (S.D. Tex. Feb. 25, 2022) (noting that "the plain language of Rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause," quoting *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)); *Sanders v. Sw. Bell Tel. Co.*, No. 4:19-CV-04561, 2020 WL 5899122, at *1 (S.D. Tex. Sept. 18, 2020) (stating "Even if good cause is lacking, the [district] court has discretionary power to extend time for service," quoting *Newby v. Enron Corp.*, 284 F. App'x 146, 149 (5th Cir. 2008)), report and recommendation adopted, No. 4:19-CV-04561, 2020 WL 5894181 (S.D. Tex. Oct. 5, 2020).  It would be a waste of judicial and private resources to dismiss this case without prejudice for lack of proper service at this point.  Therefore, in an abundance of caution, the Court orders alternative service by directing the clerk to issue a Summons directed to each Defendant, as named on the docket sheet, and delivery of the Summonses, along with a copy of the Original Petition, by first class mail to counsel of record for all Defendants at the address reflected on the docket sheet.  Counsel is directed to accept

service on behalf of her clients.  Thus, the Court recommends that Defendants'

Motion to Dismiss under Rule 12(b)(4) and 12(b)(5) be denied.

## III.    Motion to Dismiss Pursuant to Rule 12(b)(6)

### A. Rule 12(b)(6) Standards

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough

facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).  In reviewing a

motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court

"accepts all well-pleaded facts as true, viewing them in the light most favorable to

the plaintiff." *Alexander v. AmeriPro Funding, Inc*., 848 F.3d 698, 701 (5th Cir.

2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464,

467 (5th Cir. 2004)).  However, the court does not apply the same presumption to

conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.  The Court

applies a more lenient standard when analyzing the pleadings of pro se plaintiffs, but

they "must still plead factual allegations that raise the right to relief beyond the

speculative level." *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir.

2016) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

6

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* FED. R. CIV. P. 12(d). However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011). In this case, the Court will consider the 16 Exhibits attached to Plaintiff's Original Petition. ECF 1-2 at 20-34.

### B. Texas Labor Code and Title VII

#### 1. Legal Standards

Both the Texas Labor Code, through the Texas Commission on Human Rights Act (TCHRA), and Title VII prohibit discrimination against an employee based on their membership in a protected class. *Munoz v. Seton Healthcare, Inc.*, 557 F. App'x 314, 320 (5th Cir. 2014). The same legal standards apply in TCHRA and Title VII cases. *Durrani v. GuideOne Nat'l Ins. Co.*, No. 23-20485, 2024 WL 3066040, at *3 (5th Cir. June 20, 2024) (agreeing with the district court that TCHRA is "effectively identical to Title VII"); *Sanders v. Regions Bank*, No. 4:22-CV-1523, 2024 WL

2159961, at *4 (S.D. Tex. May 14, 2024) (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 633-34 (Tex. 2012) as holding that TCHRA is "effectively identical" to Title VII).  While an employer may be subject to vicarious liability for the actions of its agents and employees, individuals are not personally liable under Title VII or TCHRA.  *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 382 .1 (5th Cir. 2003) (noting that "Individuals are not liable under Title VII in either their individual or official capacities," citing *Smith v. Amedisys Inc.*, 298 F.3d 434, 448–49 (5th Cir. 2002); *Dornellien v. Masengale*, No. 4:21-CV-2900, 2023 WL 8283631, at *6 (S.D. Tex. Nov. 30, 2023).

The specific elements of a prima facie claim under TCHRA and Title VII vary depending on the facts of the case, but a plaintiff must always allege that she is member of a protected class, she suffered an adverse employment action, and the adverse employment action was caused by her membership in the protected class. *See, e.g., Rodriguez v. BBB Indus., LLC*, No. 7:23-CV-000102, 2024 WL 2191963, at *4 (S.D. Tex. May 15, 2024) (citing *Okoye v. Univ. of Texas Houston Health Sci. Ctr.*, 245 F.3d 507, 512 (5th Cir. 2001)).  Generally, a plaintiff shows causation by showing that others outside of her protected class were treated differently.  *Id.*; *Munoz*, 557 F. App'x at 320.  In the context of a retaliation claim, a plaintiff must show: "(1) that the plaintiff engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the

protected activity and the adverse action." *Abbt v. City of Houston*, 28 F.4th 601, 610 (5th Cir. 2022).

In addition, a plaintiff must exhaust administrative remedies by filing a charge of discrimination within 180, or at most 300, days of the alleged discriminatory act before pursuing a judicial remedy for violation of TCHRA and Title VII.  42 U.S.C. § 2000e–5(e)(1); *Perkins v. Starbucks Corp.*, No. 4:21-CV-4189, 2022 WL 17069145, at *3 (S.D. Tex. Nov. 17, 2022) (citing *Fort Bend County, Texas v. Davis*, 587 U.S. 541, 544 (2019)); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002) (stating "Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court"); *Hinkley v. Envoy Air, Inc*., 968 F.3d 544, 552 (5th Cir. 2020) (holding that "the Texas Labor Code requires those claiming employment discrimination to file an administrative complaint with the TWC before filing an action in court").  While exhaustion is not a jurisdictional requirement, it is a condition precedent to filing suit.  *Fort Bend Cnty., Texas v. Davis*,  587 U.S. at 550 (2019); *Stroy v. Gibson on behalf of Dep't of Veterans Affs*., 896 F.3d 693, 698 (5th Cir. 2018) (citing *Davis v. Fort Bend Cty.*, 893 F.3d 300, 303 (5th Cir. 2018)).  Unexhausted TCHRA and Title VII claims are subject to dismissal without prejudice.  *Baldwin v. Harris Cnty*., No. CIVA H-04-3822, 2005 WL 6457562, at *2 (S.D. Tex. Nov. 15, 2005) (addressing TCHRA); *Rojas v. Pegasus Foods Inc-Astrochef Inc*, No. 3:22-CV-01276-N-BH, 2023 WL

5437176, at *6 (N.D. Tex. July 20, 2023) (recognizing that "Courts have routinely held that a plaintiff's complaint is subject to dismissal under Rule 12(b)(6) when the plaintiff 'fails to allege exhaustion of administrative remedies'"), report and recommendation adopted, No. 3:22-CV-01276-N-BH, 2023 WL 5438153 (N.D. Tex. Aug. 22, 2023

### 2. Analysis

Even construing Plaintiff's pro se pleading liberally, it fails to state a claim for discrimination, harassment, or retaliation in violation of the TCHRA or Title VII.[2]  First, Plaintiff cannot state a claim under TCHRA and Title VII against the individual Defendants.  *Ackel*, 339 F.3d at 381 n.1.  Second, Plaintiff neither alleges that she is a member of a protected class, nor that Defendants' adverse employment decisions were based on her membership in a protected class.  She does not allege that she was terminated, harassed, or otherwise suffered an adverse employment action because she engaged in protected activity, such as complaining of conduct that violates TCHRA or Title VII.  Her Original Petition alleges only favoritism towards "friends and family," it does not allege that she was disfavored because he is a woman, Hispanic, or a member of any other protected class.  ECF 1-2 at 5-6.  Further, Plaintiff alleges she was harassed for complaining about tips, not because

---

[2] The FLSA is not a civil rights statute does not prohibit discrimination or harassment based on membership in a protected class.  Therefore, the Court addresses such claims only in connection with the TCHRA and Title VII.

she is a member of a protected class.  *Id.* at 6.  And third, Plaintiff does not allege that she exhausted her administrative remedies under the Texas Labor Code or Title VII by timely filing a charge of discrimination, harassment, or retaliation with the EEOC or the Texas Workforce Commission (TWC).  *See* ECF 1-2.

Plaintiff filed a lengthy Response to the Motion to Dismiss but does not contend that she is able to cure any of these defects by repleading.  *See* ECF 8.  She does not argue that she in fact exhausted her administrative remedies but misreads the Texas Labor Code to argue that exhaustion is not required.  *Id.* at 8.  Plaintiff argues that she exhausted remedies "internally within the company."  *Id.*  But, in this type of case Plaintiff must exhaust her remedies by filing a charge of discrimination with the EEOC or TWC.[3]  *Hinkley*, 968 F.3d at 552.  In addition, Plaintiff's TCHRA and Title VII claims against the individual Defendants cannot be cured.  *See Chehl v. S. Univ. & Agr. Mech. Coll.*, 34 F. App'x 963 (5th Cir. 2002) (holding that "Title VII does not impose personal liability on individuals." (citation omitted)).

---

[3] The Court takes no position as to whether Plaintiff could attempt exhaustion now, whether  her claims, which accrued at the latest on May 11, 2023 (her termination date), are time-barred, or whether her time to exhaust administrative remedies has been tolled by the pendency of this suit.

Therefore, the Court recommends that Defendants' Motion to Dismiss Plaintiffs claims under TCHRA and Title VII be granted without prejudice as to the LLC due to lack of exhaustion, and with prejudice as to the individual Defendants.

### C. The FLSA

#### 1. Legal Standards

The FLSA sets a general national minimum wage—$7.25 per hour—and contains an exception that permits employers to pay less than the minimum wage—$2.13—to a "tipped employee," as long as the tips make up the difference. 29 U.S.C. §§ 203(m)(2)(A); 206(a)(1)(C); *Montano v. Montrose Rest. Assocs., Inc.*, 800 F.3d 186, 188 (5th Cir. 2015). "This employer discount is commonly referred to as a 'tip credit.'" *Montano*, 800 F.3d at 188. An employer is eligible for the tip credit by (1) allowing the employee to retain all the tips the employee receives; or (2) pooling tips among employees who "customarily and regularly" receive tips. 29 U.S.C. § 203(m)(2)(A). Whether or not an employee is one who "customarily and regularly receives tips" must be determined on the basis of the employee's activities and does not depend on job title or whether the employee actually received tips. *Williamson v. S. Komfort Kitchen, LLC*, No. CV 4:17-00430, 2019 WL 1275446, at *5 (S.D. Tex. Mar. 20, 2019). In addition, in order to take the tip credit, an employer must inform an employee of the provision of FLSA, § 203(m)(2)(A), that permits the credit. An employer cannot use tip credit to make up the minimum wage shortfall

on work a tipped employee performs that is not a part of the employee's tipped occupation.  29 C.F.R. §§ 531.56(e), (f).  An employer or its managers may not keep tips received by employees for any purpose.  29 U.S.C. § 203(m)(2)(B); 29 C.F.R. § 531.54(b).

### 2.  Analysis

Construing Plaintiff's pro se Original Petition liberally, as the Court must, the pleading alleges that Defendants violated the FLSA because:  (a) Plaintiff was not fully informed of the tip credit pay format; (b) she was forced to share tips with non-tipped employees; (c) she was forced to work a significant amount of time at jobs that are normally paid by salary, such as mopping floors and cutting fruit in the kitchen; (d) that Defendant required her to perform non-tipped jobs for hours after her tipped occupation shift which resulted in her being denied overtime; and (e) she was terminated for complaining to management about the way work was assigned and tips were distributed.  ECF 1-2.

Although the Original Petition does not identify the provisions of the FLSA she alleges Defendants violated, the Court finds that it states, somewhat inartfully, claims for violation of the FLSA "tip credit" provisions and FLSA retaliation. Further, to extent Plaintiff seeks to amend her claims by including more factual and legal details in her Response to the Motion to Dismiss, the Court will consider them because a plaintiff, particularly a pro se plaintiff, should generally be given at least

one chance to amend a deficient pleading.  *Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 125 (5th Cir. 2019); *Mason v. Fremont Inv. & Loan*, 671 F. App'x 880, 883 (5th Cir. 2016).

### a. Disclosure of Tip Credit Pay Format

Plaintiff alleges that "[t]he employers of 'Salazar and Son's Group LLC' – Maria Rita's Tex-Mex Kitchen, ***never explained anything*** about the tip credit format.  ECF 1-2 at 8 (emphasis added).  According to Plaintiff, Maria Rita's did not have "clear and organized policies for the distribution of tips," or an officially established calculation for tip-sharing.  *Id.*  She also claims a lack of transparency because she could not know how the distribution was made.  *Id.*  Defendant contends that they were only required to "inform" Plaintiff of the tip credit, not "explain" it and that they were not required to tell her how much other employees were receiving.  Defendants read Plaintiff's pleading too narrowly.  Plaintiff alleges the Defendants "never explained anything" about the tip credit, not merely that she was not told about how much other employees were receiving.

Further, in her Response, Plaintiff cites 29 C.F.R. §§ 531.50 and 531.59, FLSA provisions that require an employer who takes a tip credit against its minimum wage obligations to inform its employees of the provision of FLSA § 3(m)(2)(A), i.e.:

> The amount of the cash wage that is to be paid to the tipped employee
> by the employer; the additional amount by which the wages of the

tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; that all tips received by the tipped employee must be retained by the employee except for a tip pooling arrangement limited to employees who customarily and regularly receive tips; and that the tip credit shall not apply to any employee who has not been informed of the requirements in this section.

29 C.F.R. § 531.59(b). Plaintiff clarifies in her Response that "Defendants never informed me about the tip credit wage format and all its implications." ECF 8 at 12. The Court recommends that Defendants' Motion to Dismiss Plaintiff's claim for violation of the duty to inform an employee of the tip credit as required by 29 C.F.R. §§ 531.50 and 531.59 be denied. Plaintiff should be granted leave to file an Amended Complaint and required to specifically identify the FLSA provisions she invokes and include the factual allegations made in her Response.

### b. Tip Pooling with Non-tipped Employees

Plaintiff also alleges that Defendant violated the FLSA by forcing her to: share tips with a "busser" in the amount of 2% of her customer sales; make other "variable salary installments" to a "runner;" and make payments to a bartender. ECF 1-2 at 7-8. The Original Petition can fairly be read to allege that the busser is a cleaning position, and she alleges that a runner is "in charge of carrying food during peak hours from the food outlet in the kitchen to the customers' table." *Id.* at 8. The Original Petition also alleges that the bartender "does not have any performance or contact with the diners' tables, but only remains at his work station." *Id.* In her

Response, Plaintiff cites 29 C.F.R. §§ 531.52 and 531.54 as the source of her claim and further alleges that certain employees included in the tip pool received a "normal salary." ECF 8 at 12-13.

Defendant contends Plaintiff has not stated a claim because "tip pooling" is permissible under the FLSA as long as the tip pool is limited to employees that "customarily and regularly receive tips." ECF 4 at 11. In the Fifth Circuit, whether an employee qualifies as a tipped employee for the purposes of tip pooling under the FLSA depends on the employee's activities, not job title. *Montano*, 800 F.3d at 191. As explained in *Montano*, it is not always easy to determine whether a particular employee is one that "customarily and regularly receives tips." 800 F.3d at 189-91. The fact that bussers, runners, and bartenders are "precisely the type of employee generally considered a tipped employee under the FLSA," as argued by Defendants (ECF 4 at 12), is not dispositive. *See Montano,* 800 F.3d at 191 (stating "[l]abels are easily molded to fit a party's goals and cannot be determinative of whether an employee customarily and regularly receives tips). A significant factor in the determination is the extent and frequency of the employee's interaction with customers. *Id.* at 192

Plaintiff's allegations are fairly read to allege that bussers, runners, and bartenders at Maria Rita's do not "have more than a de minimis interaction with the customers who leave the undesignated tips." *Id*. at 193. It is premature to dismiss

Plaintiff's claim based on the job titles of employees in the tip pool because the determination of whether an employee qualifies as a "tipped employee" requires consideration of the job actually performed. Therefore, the Court recommends that Defendants' Motion to Dismiss Plaintiff's claim that Defendants violated the FLSA by including non-tipped employees in the tip pool be denied. Plaintiff should be granted leave to file an Amended Complaint and required to specifically identify the FLSA provisions at issue and include the factual allegations made in her Response.

### c.  Requiring Work Outside of Plaintiff's Tipped Occupation

Plaintiff alleges that Defendants violated the FLSA because she was required to do work "such as cleaning floors, cleaning beverage vending machines, cleaning food vending areas, kitchen activities such as cutting fruit . . . when that [work] should be the responsibility of the Bartender or the kitchen employees." ECF 1-2 at 7. She further alleges that Defendants do not have a cleaning staff and use tipped employees to do this work to avoid paying salaries for cleaning services. *Id.* In turn, Defendant argues that this work constitutes direct support work under 29 C.F.R. § 531.56(f)(3). ECF 4 at 13.

Section 531.56(f) provides that "[a]n employer may only take a tip credit for work performed by a tipped employee that is part of the employee's tipped occupation." Plaintiff argues in her Response that the cleaning and kitchen work she had to perform does not qualify as "direct support work." Section 531.56(f)(3)(i)

17

which defines direct support work as that "performed by a tipped employee in preparation of or to otherwise assist tip-producing customer service work."  ECF 8 at 13-14.  One district court in the Fifth Circuit described directly supporting work as follows:

> A server's directly supporting work includes 'dining room prep work, such as refilling salt and pepper shakers and ketchup bottles, rolling silverware, folding napkins, sweeping or vacuuming under tables in the dining area, and setting and bussing tables.' An employer may not rely on the tip credit exception for work that does not directly support tip-producing work, such as preparing food and cleaning the kitchen or bathrooms.

*Keefe v. Perry's Restaurants LTD*, No. 1:21-CV-01057-RP, 2023 WL 3593190, at *10 (W.D. Tex. May 22, 2023) (internal and other citations omitted), report and recommendation adopted [*Keefe*] *v. Perry's Restaurants LTD*, No. 1:21-CV-01057-RP, 2024 WL 23182 (W.D. Tex. Jan. 2, 2024).  Plaintiff here alleges she had to perform side work in the kitchen and other areas outside the dining room.  Plaintiff has alleged at least *some* extra side work that would not qualify as direct support work under *Keefe*.

Plaintiff also points out that even if the extra work she describes was direct support work under the FLSA, the amount of time she was required to engage in work outside her tipped occupation was greater than the 20% permitted by FLSA regulations.  ECF 8 at 13-15.  Under 29 C.F.R. 531.56(f)(4)(i), an employer may rely on the tip credit for a tipped employee for direct support work that does not

exceed 20% of the tipped employee's work in a week.  In her Original Petition, Plaintiff alleged that she was required to cut fruit "all day constant."  ECF 1-2 at 7. In her Response, Plaintiff represents that she worked side jobs both before her shift and an hour after shift and estimated that she spent 17.49 hours per week in such extra work activities.  ECF 8 at 13-15, 22-25.  The Court concludes that Defendants' Motion to Dismiss should be denied as to Plaintiff's claim for violation of §532.56(f).  Again, Plaintiff should be granted leave to file an Amended Complaint and required to specifically identify the FLSA provisions at issue and include the factual allegations made in her Response.

### d. Overtime Violation

In her Original Petition, Plaintiff alleges that she "was forced to stay overtime after the restaurant closed to carry out cleaning tasks, sometimes clocking up to an extra hour without any remuneration."  ECF 1-2 at 8.  She seeks damages for 88 overtime hours during her employment.  *Id.* at 8, 15.  But Plaintiff never alleges that she worked more than 40 hours in any workweek, and in fact her lost wages calculation in based on 22 weeks at 40 hours per week.  *Id.* at 14.

The Court construes Plaintiff's allegations regarding having to do cleaning work after her shift to relate to claims for violation of §§ 531.56(e) and (f), as discussed above, not a violation of FLSA's overtime provision, 29 U.S.C. § 207(a). This construction is consistent with Plaintiff's statement in her Response that her

claim for unpaid overtime "depends directly" on her claim for additional unpaid work.  ECF 8 at 21.  However, she indicates in her Response that she plans to "recalculate" her claims to support a claim for work in excess of 40 hours per week.

Plaintiff has not pled a claim that Defendants violated FLSA's overtime provisions.  Therefore, Defendants' Motion to Dismiss Plaintiff's unpaid overtime claim should be granted.  However, Plaintiff should be permitted to file an Amended Complaint to allege further facts if she may do so in good faith in support of this claim.

### e.  FLSA Retaliation

The FLSA, 29 U.S.C. § 215(a)(3), makes it unlawful for an employer to "discharge or in any other manner discriminate against an employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter."  To state a claim for FLSA retaliation a plaintiff must allege "(1) participation in protected activity under the FLSA; (2) an adverse employment action; and (3) a causal link between the activity and the adverse action."  *Skiba v. Timothy*, No. 4:20-CV-02656, 2023 WL 6725737, at *10 (S.D. Tex. Oct. 12, 2023) (citing *Hagan v. Echostar Satellite, LLC*, 529 F.3d 617, 624 (5th Cir. 2008); 29 U.S.C.A. § 215(a)(3).

Plaintiff alleges that the unequal distribution of tips was a source of conflict and that Alejandro Salazar was aware of that conflict but did nothing about it.  ECF

1-2 at 6.  She further alleges that on May 10, 2023, she discussed the unequal distribution of tips with the manager on duty, Yadira.  Alejandro Salazar was not at the restaurant at the time so she texted him: "Hi Alex, Sorry Alex, your managers don't respect me as a server, I'm not going to work like that."  When he did not respond, she went home.  ECF 1-2 at 9.  The next day, she reported to work in uniform and reported to Alejandro Salazar what happened, including about "the improper practices of the distribution of tables (tips) and the verbal abuse."  *Id.* Salazar fired her, telling her it was because she left before the end of her shift.  *Id.* Plaintiff contends he fired her as punishment for her "ethical behavior" in complaining about the improper practice of denying her tips.  *Id.*  While Plaintiff does not allege that she mentioned the FLSA in her report to Alejandro Salazar, and does not use the phrase "protected activity" in her Original Petition, she clearly alleges that (1) she complained to Alejandro Salazar, an officer of the company, about Maria Rita's unfair tip distribution practices; (2) that she was discharged; and (3) that she was discharged because of her complaints.  The Court recommends that Defendants' Motion to Dismiss Plaintiff's FLSA retaliation claim be denied. Plaintiff should be granted leave to file an Amended Complaint and required to cite the specific FLSA provision she invokes and include the allegations made in her Response.

### f. Dual Jobs

Plaintiff's Response makes a claim, not included in her Original Petition, that she worked "dual jobs" as described in 29 C.F.R.§ 531.56(e) because once a week she was designated as "Shift Leader." ECF 8 at 15. The job of Shift Leader required "assigning tasks to the waiters at the beginning of the shift, checking that the work was done at the beginning and during the shift, assigning the closing tasks and checking that each waiter complied with it." Id. Plaintiff estimates that as Shift Leader she spent an extra 20 minutes reviewing all the waiters work at the end of a shift and overall spent 6.33 hours per week in the role of Shift Leader. Id. at 24-25. Plaintiff contends that Defendants violated § 531.56(e) because they were not eligible to take the tip credit when she was doing work as a Shift Leader and not a waiter. Id.

FLSA regulation 29 C.F.R. § 531.56(e) describes "dual jobs" as a situation such as when a maintenance worker at a hotel also works as a waiter. An employee holds dual jobs when there is a "clear dividing line between the jobs." *Roussell v. Brinker Int'l, Inc*., 441 F. App'x 222, 232 (5th Cir. 2011) (holding there was a clear dividing line between jobs when a waiter clocked in for an entire shift as a Quality Assurance worker, performed only QA duties during that shift, and was paid the full minimum wage for the QA shift). Plaintiff's description of the role of Shift Leader does not sufficiently establish a clear dividing line between that job and her job as a

waiter.  It appears from Plaintiff's pleading that she acted as a tipped waiter during the same shift she acted as Shift Leader and was not exclusively engaged in the role of Shift Leader on those shifts.  See ECF 8 at 25 (estimating Shift Leader work as 6.33 hours per work week).  The Court recommends that Defendants' Motion to Dismiss Plaintiff's dual job claim be granted.  However, Plaintiff should be permitted to file an Amended Complaint to allege further facts in support of this claim if she may do so in good faith.

### D. Negligence

Plaintiff asserts that Defendants are liable for negligence.  ECF 1-2 at 1, 7. Defendant addresses this claim only in a footnote, arguing that Plaintiff failed to plead any factual allegations to support a cause of action for negligence.  ECF 4 at 6 n.1.  The Court construes Plaintiff's negligence claim to be based on her alleged assault by a bartender named Eduardo which occurred when they were arguing over tips.  ECF 1-2 at 6-7 (stating an employer "is responsible for failing to comply with its duty to provide a safe environment, safe work, [and] will be subject to claims for harassment, negligence and violation of labor laws, giving rise to compensation for damages for affected employees.").

Under Texas law, the elements of a negligence claim are "a legal duty owed by the defendant to the plaintiff, a breach of that duty, and damages proximately caused by that breach. *Lee Lewis Const., Inc. v. Harrison*, 70 S.W.3d 778, 782 (Tex.

2001).  Plaintiff contends that her employer breached its duty to provide a safe work environment.  ECF 1-2 at 6-7.  However, the assault she alleges is an intentional tort. *Donohue v. Dominguez*, 486 S.W.3d 50, 54 (Tex. App. 2016) (explaining that "a civil assault claim is still a 'tort'; it is called 'an intentional tort.'" (quoting *City of Watauga v. Gordon*, 434 S.W.3d 586, 588–94 (Tex. 2014))).  An employer is only liable for its employee's tort "when the tortious act falls within the scope of the employee's general authority in furtherance of the employer's business and for the accomplishment of the object for which the employee was hired." *Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 577 (Tex. 2002).  "[I]f an employee deviates from the performance of his duties for his own purposes, the employer is not responsible for what occurs during that deviation." *Id.* (citation omitted).  Clearly, intentional assault of a fellow employee is not within the scope of a bartender's duties.  For this reason, the Court recommends that Defendants' Motion to Dismiss Plaintiff's negligence claim be granted with prejudice.

## IV.    Conclusion and Recommendation

For the reasons discussed above, the Court RECOMMENDS that Defendants' Motion to Dismiss Plaintiff's Texas Labor Code (TCHRA), Title VII, and negligence claims be GRANTED and that her TCHRA and Title VII claims against Defendant Salazar & Son's Group LLC be dismissed without prejudice for lack of exhaustion, and the TCHRA and Title VII claims against the individual Defendants

and her negligence claims be dismissed with prejudice.  As set forth above, the Court further RECOMMENDS that Defendants' Motion to Dismiss Plaintiff's FLSA claims be GRANTED IN PART AND DENIED IN PART and Plaintiff be granted leave to amend her FLSA claims.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on July 23, 2024, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge