Case 4:23-cv-04267   Document 54   Filed on 11/01/24 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
November 01, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONCEPCION VARGAS, <br> *Plaintiff*, | § <br> § <br> § | |
| v. | § <br> § | CIVIL ACTION NO. 4:23-CV-04267 |
| ALEJANDRO SALAZAR, ET AL., <br> *Defendants*. | § <br> § <br> § | |

## MEMORANDUM AND RECOMMENDATION

This employment dispute is before the Court on Defendants' Partial Motion to Dismiss and Motion to Strike Plaintiff's Amended Complaint.[1] ECF 36. Having reviewed the parties' submissions and the law, the Court recommends that Defendants' Motion be granted.

### I.     Procedural Background

Plaintiff worked as a waitress at Maria Rita's Tex-Mex Kitchen (Maria Rita's) until she was terminated on May 11, 2023. She initiated this action by filing an Original Petition in Texas state court asserting multiple causes of action against Salazar & Son's Group LLC d/b/a Maria Rita's Tex-Mex Kitchen, Alejandro Salazar, and Ramon Salazar. *See* ECF 1-2. Defendants removed the case to this federal court on the basis of federal question subject matter jurisdiction. ECF 1. On

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 7.

August 16, 2024, the Court granted Defendants' Motion to Dismiss in part and granted Plaintiff leave to file an Amended Complaint amending her FLSA claims. ECF 26 (adopting the July 23, 2024 Memorandum and Recommendation (ECF 25)). Plaintiff filed her Amended Complaint on September 4, 2024. ECF 31. Now before the Court is Defendants' Partial Motion to Dismiss and Motion to Strike arguing that Plaintiff's Amended Complaint violates the Court's Order because it repleads dismissed claims and adds new claims that she was not granted leave to add. ECF 36. Defendant further argues that Plaintiff's new claims should be dismissed because she fails to state a claim for relief. Defendant also moves to strike portions of the Amended Complaint that appear to be AI-generated.

**II.     Plaintiff's claims asserted for the first time in her Amended Complaint should be dismissed.**

The Court dismissed Plaintiff's Title VII and TCHRA claims because they were unexhausted and because she could not state claim under those statutes against the individual defendants. ECF 25 at 10-12. The Court did not grant Plaintiff leave to amend these causes of action because these defects cannot be cured by repleading. *Id.* at 11. Upon reconsideration, the Court determined that Plaintiff's EEOC charge was untimely and her belated attempt to exhaust administrative remedies as to her claim against the LLC did not warrant reinstating her Title VII and TCHRA claims. ECF 51. The Court granted Plaintiff leave to amend her FLSA claims. ECF 25 at 24-25.

Defendants have not moved to dismiss Plaintiff's FLSA claims. *See* ECF 36. Defendants have moved to dismiss only: (1) Plaintiff's claim for wrongful termination to the extent it is asserted under Washington state law or Texas common law; (2) Plaintiff's repleaded claim for violation of TCHRA; and (3) Plaintiff's claim for violation of the wage provisions of the Texas Labor Code, known as the Texas Payday Law.

### A. Plaintiff's claims asserted for the first time in her Amended Complaint are untimely.

The deadline for amending pleadings in this case was March 1, 2024. ECF 21. As noted above, the Court granted Plaintiff leave to amend *only* her FLSA claims. Rule 16 of the Federal Rules of Civil Procedure governs leave to amend a pleading after the expiration of the scheduling order deadline and requires a showing of good cause. *Browning v. Turner Indus. Grp., LLC*, No. 4:23-CV-02232, 2024 WL 4437771, at *1 (S.D. Tex. Oct. 7, 2024) (holding that under Rule 16(b)(4) a scheduling order may be modified only for good cause and with the judge's consent) (citations omitted). Plaintiff did not seek leave to amend her complaint to assert any new causes of action. In addition, Plaintiff's Amended Complaint fails to demonstrate good cause for adding new claims at this stage of the proceedings. Therefore, Plaintiff's claims other than her claims brought pursuant to the FLSA should be dismissed as untimely.

**B. Plaintiff's non-FLSA claims also should be dismissed under Rule 12(b)(6).**

### 1. Newly Asserted Wrongful Termination Claims

The Court construes Plaintiff's citation to Washington state law and reference to at-will employment policies (both of which fall within the section of her Amended Complaint asserting a claim for FLSA wrongful termination) to be merely superfluous argument, not new claims. *See* ECF 31 at 20. Nonetheless, Defendants correctly argue that Washington state law does not apply in this case and no Texas common law exception to the usual at-will employment relationship applies under the facts of this case. *See* ECF 36 at 3 and n.2; *Anderson v. Labat-Anderson Inc.*, No. 1:12-CV-0010, 2012 WL 13054708, at *2 (S.D. Tex. July 27, 2012) (holding that the exception to the at-will doctrine established in *Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985) for refusal to perform an illegal act is the only common law exception to the at-will doctrine recognized by the Texas Supreme Court). In addition, Plaintiff effectively abandoned these claims by failing to address them in her Response to the Partial Motion to Dismiss. *See* ECF 40. Therefore, while Plaintiff's FLSA wrongful termination claim remains pending, to the extent her Amended Complaint asserts wrongful termination under Washington state or Texas common law, such claims should be dismissed with prejudice.

### 2. Newly Asserted Claims for Violation of § 21.055 and §§ 61.014-020 of the Texas Labor Code

Section 21.055 of the Texas Labor Code is a provision of TCHRA that prohibits retaliation for engaging in protected activity by reporting discriminatory actions. Plaintiff's TCHRA claims have already been dismissed because she did not timely exhaust her administrative remedies. ECF 25; ECF 51. The exhaustion requirement applies to retaliation claims under § 21.055. *Brown v. Metroplex Plumbing*, No. 3:17-CV-2131-L-BN, 2017 WL 6466747, at *2 (N.D. Tex. Oct. 5, 2017), report and recommendation adopted, No. 3:17-CV-2131-L-BN, 2017 WL 6447201 (N.D. Tex. Dec. 18, 2017) (citing *Shackelford v. Deloitte & Touche LLP*, 190 F.3d 398, 403 n.2 (5th Cir. 1999). Therefore, Plaintiff's claim for retaliation under § 21.055 of the Texas Labor Code should be dismissed with prejudice.

Plaintiff also seeks compensatory and punitive damages pursuant to § 21.2585 due to Defendants' willful engagement in unlawful employment practices. ECF 31 at 30. Because Plaintiff's claims under Chapter 21 of the Texas Labor Code either have been or should be dismissed, she cannot recover damages under § 21.2485 and any claim for them must also be dismissed.

Chapter 61 of the Texas Labor Code is known as the Payday Law. This statutory scheme allows employees who have been denied wages to file wage claims with the Texas Workforce Commission, but it does not create a private right of action. *Sbarbaro v. Choice Hotels Int'l, Inc.*, No. 4:21-CV-2766, 2024 WL 4309992,

5

at *2 (S.D. Tex. Sept. 25, 2024) (citations omitted). "An employee asserting a claim pursuant to the Payday Law may choose to either file an administrative claim with the TWC under the Payday Law or a common law breach of contract claim in court." *Byun v. Hong*, 641 S.W.3d 821, 829 (Tex. App.—Tyler 2022, no pet.). Therefore, Plaintiff's claims for violation of the Payday Law should be dismissed.

### 3. Breach of Contract

Plaintiff did not assert a breach of contract claim in her Amended Complaint. *See* ECF 31. In her Response to Defendants' Partial Motion to Dismiss, she attempts to revitalize her Payday Law claims by asserting a claim for breach of contract. *See* ECF 40. Plaintiff cannot amend her complaint through her Response and without leave of court. Moreover, an essential element of a breach of contract claim is the existence of a valid contract. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009). Employment in Texas is presumed to be at-will, which means either party can terminate the relationship at any time for any (not statutorily prohibited) reason. *Montgomery Cnty. Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998).

Plaintiff concedes she had no written employment agreement. ECF 40 at 2. In order to establish an employment contract "the employer must unequivocally indicate a definite intent to be bound not to terminate the employee except under clearly specified circumstances." *Id.* The allegations in Plaintiff's Response that "there was an implied agreement between the parties" that created her "reasonable

6

expectation" regarding the terms of her employment fall far short of demonstrating Defendant's unequivocal intent to be bound by anything other than an at-will employment relationship. Even if she had been granted leave to plead this claim, which she has not, she cannot state a claim for breach of contract. Therefore, any breach of contract claim should be dismissed with prejudice.

### III. Defendant's Motion to Strike is denied but Plaintiff is cautioned to verify all citations in her pleadings and briefing.

As a pro se party, Plaintiff's legal citations may not always be technically or even substantively accurate. However, certain of her citations are so inaccurate as to raise suspicion that they were either cut and pasted without concern for the content of the case or "made up" by artificial intelligence. For example, Plaintiff cites *Corpus Christi Bank & Trust v. Smith*, 525 S.W.2d 501 (Tex. 1975) for the proposition "any unauthorized diversion of wages is a direct violation of the wage payment provisions in Texas," a proposition which is far removed from anything stated in that case. ECF 31 at 23. In fact, *Corpus Christi Bank & Trust* does not even contain the word "wages." Defendants also point to other troubling instances of citations to non-existent cases, specifically *Vasquez v. American Casualty Co.*, 542 S.W.2d 142 (Tex. App.—San Antonio 1976, writ ref'd n.r.e) and *Solis v. La Hacienda Mexican Café*, 528 F. App'x 485 (5th Cir. 2013). The Court also cannot locate any such cases. This is a strong indicator that Plaintiff used some form of artificial intelligence in drafting her Amended Complaint.

As a pro se party, Plaintiff is bound by the requirements of Rule 11 of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record…-or by a party personally if the party is unrepresented."). Rule 11(b) provides that:

> by presenting to the court a pleading, written motion, or other paper…an unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after a reasonable inquiry under the circumstances. . . the claims defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

FED. R. CIV. P. 11(b). Plaintiff is hereby informed that the presentation to the Court of pleadings or motions that contain "made up" citations generated by artificial intelligence contravenes Rule 11 and could, in the future, subject Plaintiff to sanctions as set forth in Rule 11(c).

Defendant moves to strike the portions of the Amended Complaint that contain inaccurate citations and asks the Court to enter a show cause order or other appropriate sanctions.[2] Separate and apart from the issue of their accuracy, legal citations need not be included in a pleading such as an amended complaint. Rule 8 provides that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Skinner v.*

---

[2] The Court notes that Defendants' current Motion to Strike does not satisfy the requirements of Rule 11(c) that the responding party have an opportunity to withdraw the document and correct the errors and that a motion for sanctions for violation of Rule 11 be set forth in a separate motion.

*Switzer*, 562 U.S. 521, 530 (2011) (stating that Rule 8 "requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument."); *M v. Neustrom*, No. 6:15-CV-02524, 2018 WL 1310100, at *2 (W.D. La. Mar. 13, 2018) (ordering plaintiff to comply with Rule 8 by eliminating references to legal citations, statutes and case law). Given the burden that would be imposed on the Court in separating the real from the "made up" citations and the lack of prejudice to Defendants, the Court denies Defendant's Motion to Strike.

However, based on the clear evidence of "made up" citations, and in accordance with the rulings set forth here, the Court recommends that Plaintiff be required to file a Second Amended Complaint that omits legal citations and argument (**other than the identification of the provisions of the FLSA that give rise to her claims**) and asserts *only* the claims for which she has been granted leave to amend and the *factual* allegations that support only those specific claims.[3] In addition, Plaintiff is strongly cautioned that continued violations of Rule 11, including presentation to the Court of pleadings or motions containing "made up" citations, may result in sanctions.

---

[3] Specifically, the Court granted Plaintiff leave to amend her FLSA claims based on (1) Disclosure of Tip Credit Pay Format; (2) Tip Pooling with Non-tipped Employees; (3) Requiring Work Outside of Plaintiff's Tipped Occupation; (4) Overtime Violation; (5) FLSA Retaliation; and (6) her dual jobs. ECF 25 at 13-23.

### IV. Conclusion and Recommendation

For the reasons discussed above, the Court recommends that Defendant's Partial Motion to Dismiss be GRANTED and Defendant's Motion to Strike be DENIED. It is further recommended that all claims other than Plaintiff's claims brought pursuant to the FLSA be DISMISSED WITH PREJUDICE. It is further RECOMMENDED that Plaintiff be ORDERED to file a Second Amended Complaint asserting only her FLSA claims (identified above in footnote 3) and eliminating legal citations and argument, within 14 days of entry of an Order adopting this Memorandum and Recommendation.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on November 01, 2024, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge