United States District Court
Southern District of Texas
**ENTERED**
July 08, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONCEPCION VARGAS, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-CV-04267 |
| | § | |
| ALEJANDRO SALAZAR, ET AL., | § | |
| *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

This Fair Labor Standards Act (FLSA) case, in which Plaintiff is proceeding

pro se, is before the Court on Plaintiff's Motion for Summary Judgment (ECF 65)

and Defendant's Motion for Summary Judgment (ECF 77).[1]  Having reviewed the

parties' submissions and the law, the Court recommends that Defendants' motion be

granted in part and Plaintiff's motion be denied in full.[2]

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 7.

[2] Plaintiff's Motion for Summary Judgment is accompanied by Plaintiff's separately filed Statement of Undisputed Facts (ECF 66), Index of Evidence (ECF 68), Table of Authorities (ECF 69), Certificate of Compliance with Local Rules (ECF 70), and Memorandum in Support of Motion for Summary Judgment (ECF 71), all filed on November 26, 2024.  The evidence listed in the Index, which consists primarily of the parties' discovery responses, is attached to Plaintiff's Motion for Summary Judgment. *See* ECF 65-2 through 65-4.  Defendants object to Plaintiff's Statement of Undisputed Facts because it is unsupported by an affidavit or declaration and the statements are unsubstantiated by the record.  ECF 84 at 3, 5-6.  Plaintiff's Statement of Undisputed Facts contains argument, not evidence. *See* ECF 66.  The Court has considered all the parties' arguments whether or not expressly addressed in this Memorandum and Recommendation and has not afforded evidentiary weight to any statement in Plaintiff's Statement of Undisputed Facts.

I.      **Procedural Background**

Plaintiff worked as a waitress at Maria Rita's Tex-Mex Kitchen (Maria Rita's) prior to her termination on May 11, 2023.  She initiated this action by filing an Original Petition in Texas state court asserting multiple causes of action against Salazar & Son's Group LLC d/b/a Maria Rita's Tex-Mex Kitchen, Alejandro Salazar, and Ramon Salazar.  *See* ECF 1-2.  Defendants removed the case to this federal court based on federal question subject matter jurisdiction.  ECF 1.  On August 16, 2024, the Court granted Defendants' Motion to Dismiss in part and granted Plaintiff leave to file an Amended Complaint amending her FLSA claim. ECF 25 (adopted by ECF 26).  Plaintiff filed her Amended Complaint on September 4, 2024.  ECF 31.  Defendants filed a Partial Motion to Dismiss and Motion to Strike certain claims and allegations in the Amended Complaint.  ECF 36.  The Court granted the Motion to Dismiss as to previously dismissed claims improperly reasserted in the Amended Complaint and as to new claims asserted for the first time in the Amended Complaint.  ECF 54 (adopted by ECF 60).  The Court also warned Plaintiff not to use artificial intelligence in drafting her pleadings and briefs without verifying her citations.  *Id.*  The Court ordered Plaintiff to file a Second Amended Complaint asserting only her remaining FLSA claims.  ECF 54 at 9-10 n.3.  Plaintiff filed an Amended Complaint asserting claims for (1) non-disclosure of tip credit pay format; (2) tip pooling with non-tipped employees; (3) requiring work outside of

Plaintiff's tipped occupation; (4) overtime violation; and (5) FLSA retaliation. ECF

59. The parties have filed cross-motions for summary judgment on all of Plaintiff's

claims. ECF 65; ECF 77.

## II.    Summary Judgment Standards

Summary judgment is appropriate if no genuine issues of material fact exist,

and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P.

56(a). The party moving for summary judgment has the initial burden to prove there

are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co.*

*v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is

"genuine" if the evidence could lead a reasonable jury to find for the nonmoving

party. *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016). "An issue is material if

its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd.*

*v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002). If the

moving party meets its initial burden, the nonmoving party must go beyond the

pleadings and must present evidence such as affidavits, depositions, answers to

interrogatories, and admissions on file to show "specific facts showing that there is

a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The court construes the evidence in the light most favorable to the nonmoving

party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC*

*v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013). In ruling on a motion for summary

judgment the Court does not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." *Honore v. Douglas,* 833 F.2d 565, 567 (5th Cir. 1987). However, "[c]onclus[ory] allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citation omitted).

When parties file cross motions for summary judgment, each motion "must be considered separately, as each movant bears the burden of establishing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." *Shaw Constrs. v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 538–39 (5th Cir. 2004). Only "[i]f there is no genuine issue and one of the parties is entitled to prevail as a matter of law" can summary judgment be entered on cross motion. *Id.*

### III.    FLSA Tip Credit Standards

The FLSA sets a general national minimum wage—$7.25 per hour—and contains an exception that permits employers to pay less than the minimum wage— $2.13—to a "tipped employee," as long as tips make up the difference. 29 U.S.C. §§ 203(m)(2)(A); 206(a)(1)(C); *Montano v. Montrose Rest. Assocs., Inc.*, 800 F.3d 186, 188 (5th Cir. 2015). "This employer discount is commonly referred to as a 'tip credit.'" *Montano*, 800 F.3d at 188. To avail itself of the tip credit exception to the

minimum wage requirement, an employer must inform employees of the provisions of FLSA § 203(m) and either (1) allow the employee to retain all the tips the employee receives; or (2) pool tips among employees who "customarily and regularly" receive tips. 29 U.S.C. §§ 203(m), 203(m)(2)(A); *Bernal v. Vankar Enters., Inc.*, No. SA-07-CA-695-XR, 2008 WL 791963, at *2 (W.D. Tex. Mar. 24, 2008) (holding that under § 203(m) "[t]here are two prerequisites to employer eligibility for the tip credit: (1) 'the employee must be informed by the employer of the provisions of this subsection,' and (2) 'all tips received by such employee [must be] retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips.'"). If an employer fails to comply with § 203(m), it "must be divested of its statutory tip credit for the relevant time period." *Karonka v. Asuka Blue Inv., LLC*, No. 4:23-CV-02891, 2024 WL 4905985, at *2 (S.D. Tex. Nov. 27, 2024) (citing *Steele v. Leasing Enters.*, 826 F.3d 237, 246 (5th Cir. 2016)). The employer bears the burden to establish that it is eligible for the tip credit exception. *Montano*, 800 F.3d at 189; *Ettorre v. Russos Westheimer, Inc.*, No. 21-20344, 2022 WL 822181, at *2 (5th Cir. Mar. 18, 2022).

## IV.    Analysis

Plaintiff alleges that Defendants are not eligible for the tip credit exception due to the way they managed and implemented the tip credit pay format at Maria

Rita's. Thus, she argues, Defendants violated the FLSA by paying her less than minimum wage. She also contends she did not receive the required overtime wage for overtime hours, and that Defendants terminated her employment in retaliation for complaining about the FLSA violations.[3] The Court addresses each of Plaintiff's claims below.

### A. A fact issue exists as to whether Defendants met the obligation to inform Plaintiff of the tip credit provisions.

Plaintiff contends that Defendants were not entitled to the tip credit exception because they never informed her of the relevant FLSA provisions regarding the tip credit. ECF 59 at 3-4; ECF 65 at 3 (citing her interrogatory answers at 65-2 at 7-14). She argues that Defendants have no written documents proving she was informed of the tip credit and that the Maria Rita's Handbook relied on by Defendant's is neither signed by her nor authenticated. ECF 65 at 3. Defendants argue, in response to Plaintiff's Motion for Summary Judgment and in support of their own, that the FLSA does not require employers to provide a detailed

---

[3] The Court refers to Plaintiff's arguments contained in her Motion for Summary Judgment (ECF 65), filed before Defendant's Motion to Summary Judgment (ECF 77). Plaintiff did not file an actual "Response to Defendant's Motion for Summary Judgment," but she did file a Motion to Strike (ECF 78) and a Motion to Exclude Evidence (ECF 79), both of which the Court denied. ECF 98; ECF 102. Given Plaintiff's submission of evidence in connection with her Motion for Summary Judgment and her other motions filed in response to Defendant's Motion for Summary Judgment, the Court does not deem Defendant's recitation of facts as undisputed merely due to the lack of Response. *See Atain Specialty Ins. Co. v. Sai Darshan Corp.*, 226 F. Supp. 3d 807, 813 (2016) (holding that when a party does not respond to a dispositive motion the court may not merely grant the motion by default but may accept the movant's version of the facts as undisputed).

explanation of the tip credit nor present written documentation to the employee of the tip credit.  ECF 77 at 14.  To succeed on their motion for summary judgment, Defendants bear the burden to prove as a matter of law, that they met all the requirements of the tip credit exception, including that they complied with the notification requirement explained above.  *Montano*, 800 F.3d at 189.

FLSA regulations require that an employer utilizing the tip credit exception inform tipped employees, "in advance of the employer's use of the tip credit," of the provisions of § 203(m)(2)(A).  29 C.F.R. § 531.59(b).  An employer is not required to explain the tip credit in detail, but must, "at a minimum," inform the employees that tips will satisfy part of the employer's minimum wage obligation.  *Cortez v. Casa do Brasil, LLC*, 646 F. Supp. 3d 847, 856 (S.D. Tex. 2022) (quoting *Gustavus v. Cazos, Inc.*, 774 F. Supp. 2d 856, 858 (S.D. Tex. 2011)).  The fact that an employee is *aware* of the tip credit does not satisfy the employer's obligation affirmatively to *inform* an employee of the components of the tip credit.  *Id.*; *see Ettorre v. Russos Westheimer, Inc.*, No. 21-20344, 2022 WL 822181, at *3 (5th Cir. Mar. 18, 2022) (agreeing with "the many courts that have recognized that an employer must affirmatively inform its tipped employees of the tip credit components"); *see also Pedigo v. Austin Rumba, Inc*., 722 F. Supp. 2d 714, 724 (W.D. Tex. 2010) (holding "section 203(m) affirmatively requires employers to

*inform* employees of the provisions contained in section 203(m)" (emphasis in original)).

Defendants' proof on their cross-motion for summary judgment that they were entitled to claim the tip credit exception because they affirmatively informed Plaintiff of the components of the tip credit consists of the Declarations by Alejandro Salazar and Ramon Salazar and the Maria Rita's Employee Handbook. Alejandro Salazar's Declaration attests that at the time he hired Plaintiff he "told her that her hourly wage as a server at Maria Rita's would be paid through use of the tip credit." ECF 77-1 ¶ 3. Both Alejandro Salazar's and Ramon Salazar's Declarations state:

> [Plaintiff] and other participants in the tip pool were informed of the following tip pool parameters: (i) servers contributed $15.00 to the tip pool during morning shifts and $20.00 during evening shifts; and (ii) of the money contributed to the tip pool, a flat rate went to the bartenders depending on the day of the week and the remaining was distributed amongst the runners, bussers, barbacks, and hosts. Tipped employees retained all other tips they received beyond the amount contributed to the tip pool.

ECF 77-1 ¶15; ECF 77-2 ¶ 15. The Salazars further declare that the employee who trained Plaintiff verbally informed Plaintiff of all aspects of the tip credit, and that Plaintiff was provided with a copy of the Maria Rita's Handbook during her training. ECF 77-1 ¶4; ECF 77-2 ¶4; ECF 77-3. The Handbook contains the following provisions related to employee pay and the tip credit:

**Overtime**

In accordance with Federal Minimum Wage Laws, employees are paid overtime when they work more than 40 hours a week. Hourly employees are paid at time and a half of their regular rate for all overtime hours worked. ***Tip credit will be factored into the hourly rate for tipped employees***

All overtime must be authorized in writing in advance by your supervisor. Supervisors are responsible for keeping overtime work to a minimum and for seeing that all overtime is justified.

ECF 77-3 at 6 (emphasis added).

**Tip Sharing**

As an employee of a Restaurant, all the tips you receive, whether in cash or included in a credit card transaction, is taxable income to you. You are required, by federal law, to report and record your actual tips for each shift.

At the end of each shift, tipped employees must disclose on the Server Check-Out form, the amount of credit card tips and total tips less any tips shared with any other employees. Your tips will be recorded and reflected in total on your paycheck stub. Endorsement of your paycheck indicates that you acknowledge that your tip information on the stub is accurate and correct.

ECF 77-3 at 10.

Taken together, the Salazars' Declarations and the Handbook, if uncontroverted, would establish that they "at a minimum" informed Plaintiff that tips would satisfy part of their minimum wage obligation. *Cortez,* 646 F. Supp. 3d at 856. However, contrary to Defendants' representation that Plaintiff has not submitted any evidence to counter this evidence (ECF 84 at 5), Plaintiff denies in

her Interrogatory Answers, submitted as Exhibit A to her Motion for Summary Judgment, that she was ever verbally informed of the tip credit. *See* 65-2 at 7-14, 30. The Court cannot make a credibility determination and resolve this dispute on summary judgment. *Honore v. Douglas,* 833 F.2d 565, 567 (5th Cir. 1987).

Although the Court has overruled Plaintiff's authenticity objections, the Handbook alone lacks sufficient detail to satisfy Defendant's burden to prove compliance with the FLSA's tip credit notice provision. The Handbook merely states that a tip credit will be factored into the hourly rate for calculating overtime. It does not inform employees of the wage that will be paid to tipped employees, that employees will retain all tips beyond what they contribute to the tip sharing pool, or that the employer will be using the tip credit to meet its minimum wage obligations. *See* 77-3.

Accordingly, a fact issue exists regarding Defendants' compliance with the notice provision and prevents the Court from granting summary judgment to either Plaintiff or Defendants on this issue.

### B. Defendants have shown as a matter of law that they complied with the FLSA's requirements for tip pooling.

Plaintiff's Second Amended Complaint alleges that Defendant's tip pooling scheme violated the FLSA because her tips were shared with non-tipped employees who received a salary. ECF 59 at 5-7. However, her Motion for Summary Judgment argues only that Defendants violated the FLSA because she did not consent to the

tip pool and Defendants did not keep proper records as required by 29 C.F.C. 516.28(a) and (b).  ECF 65 at 6-7.

Defendants' Motion seeks summary judgment on Plaintiff's claim that they violated the FLSA's requirements for tip pooling contained in 29 U.S.C. § 203(m)(2)(A).  A valid tip pool may only include employees who "customarily and regularly receive tips."  29 C.F.R. § 531.54(c)(1).  It is undisputed that Plaintiff is a tipped employee.[4]  It is also undisputed that Defendants required Plaintiff to participate in a tip pool.  ECF 77-1 ¶ 15; ECF 77-2 ¶ 15; ECF 77-3 at 10.  Defendants have presented summary judgment evidence in the form of the Salazars' declarations which state that the tip pool at Maria Rita's included servers, bartenders, runners, barbacks, bussers, and hosts.  ECF 77-1 ¶¶ 13-15.  Whether an employee "customarily and regularly" receives tips is determined by the employee's activities and not on job title or whether the employee actually received tips.  *Williamson v. S. Komfort Kitchen, LLC*, No. CV 4:17-00430, 2019 WL 1275446, at *5 (S.D. Tex. Mar. 20, 2019).  Defendants' Declarations establish that the employees in the tip pool were tipped employees and Plaintiff has provided no evidence to the contrary.  Indeed, Plaintiff fails to address the issue of being forced to share tips with non-tipped employees in her Summary Judgment briefing.  ECF 65 at 6-8.  By failing to

---

[4] A "tipped employee" under the FLSA means "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips."  29 U.S.C. § 203(t); *Restaurant Law Ctr. v. United States Dep't of Lab.*, 120 F.4th 163, 171 (5th Cir. 2024).

respond to Defendants' motion on this issue, Plaintiff has abandoned her claim that the tip-pool violated the FLSA by including non-tipped employees. Defendants are entitled to summary judgment on the issue of whether the tip pool included only employees who are customarily and regularly tipped.

Plaintiff also moves for summary judgment that Defendants were not entitled to the tip credit exception because she did not consent to the tip pool and Defendants failed to keep proper records. These new claims by Plaintiff should be dismissed because they are not pleaded in the Second Amended Complaint. *See* ECF 59. Even had they been pleaded, Plaintiff cannot, as a matter of law, demonstrate that Defendants were not entitled to the tip credit due to her lack of consent to the tip pool and lack of record keeping. Plaintiff cites no authority for her position that use of a tip pool requires mutual consent of employees, an argument that is clearly contradicted by the language of the statute, which states:  an "employer *may require an employee*" to contribute to a tip pool.    29 C.F.R. § 531.54(c)(1); *see also Hunzelman v. Perry's Restaurants Ltd*, No. 1:21-CV-01056-RP, 2023 WL 3593169, at *9 (W.D. Tex. May 22, 2023), *report and recommendation adopted*, No. 1:21-CV-1056-RP, 2024 WL 23369 (W.D. Tex. Jan. 2, 2024) (holding that the FLSA "does not bar employers from requiring tip pooling."). Furthermore, the Handbook informs Plaintiff of the tip pool, and Plaintiff consented to the tip pool by participating in it and endorsing her pay checks. ECF 77-3 at 10 (stating "Your tips

will be recorded and reflected in total on your paycheck stub. Endorsement of your paycheck indicates that you acknowledge that your tip information on the stub is accurate and correct.").

Plaintiff's record-keeping claim is based on the requirement in 29 C.F.R. § 516.28(a) that every employer maintain and preserve payroll records containing certain information and data. However, nothing in FLSA § 203(m) or 29 C.F.R. § 531.28 requires an employer to comply with § 516.28(a) in order to be eligible for the tip credit exception or to operate a tip pool. Plaintiff cites no authority for, and the Court is not aware of any private cause of action for violation of the record-keeping provisions of 29 C.F.R. 516.28(a). Even if compliance with the record keeping requirements were required to operate a tip pool, Plaintiff's time records and pay stubs for her entire period of employment are contained in the summary judgment record and demonstrate that most, if not all, of the information listed in § 516.28(a) is contained in those documents. ECF 77-4; ECF 77-5. For example, Plaintiff's pay stubs reflect the total number of hours worked and the total amount of tips received in each pay period. ECF 77-5. Defendants are entitled to summary judgment on Plaintiff's claim that Defendants violated the tip-pooling provisions of the FLSA. Accordingly, Plaintiff is not entitled to summary judgment on her cross-motion for summary judgment on her claim that Defendants violated FLSA tip-pooling provisions.

**C. All of Plaintiff's work related to her tipped occupation and thus Defendants did not violate the FLSA by failing to pay minimum wage for hours worked in "dual jobs."**

The FLSA entitles an employer to use the tip credit to make up the shortfall between the tipped wage and the minimum wage, but only for work an employee performs as a part of the employee's tipped occupation. *See* 29 C.F.R. §§ 531.56(e) (the "dual jobs" regulation). Plaintiff alleges that she was not paid minimum wage for over 10 hours of work per week she performed on the non-tipped tasks of cutting fruit, supplying ice bins in service aisle, preparing tea in service aisle, washing silverware, cleaning tea containers, cleaning food section and bean containers and putting leftovers in refrigerator, and washing trays at end of the shift. ECF 59 at 43. Plaintiff classifies the approximately 3 hours per week she spent on the tasks of sweeping tables during and after the work shift, supplying napkins during shift, and preparing silverware once a day as "support work," which can be included in the tip credit hours. *Id.* Plaintiff does not cite any authority to support her argument that only work "directly related to customer service" qualifies as support work for which Defendant may utilize the tip credit. ECF 65 at 8.

The Fifth Circuit recently addressed the "dual jobs" provision and held the FLSA places no time or percentage limit on the amount of non-tip-producing work related to an employee's tipped occupation that a tipped employee may perform. *Restaurant Law Ctr.*, 120 F.4th at 173 (holding "the FLSA does not ask whether

duties composing that given occupation are themselves each individually tip-producing); *Paschal v. Perry's Restaurants, Ltd.*, No. 1:22-CV-00027-RP, 2025 WL 596646, at *8 (W.D. Tex. Jan. 29, 2025), report and recommendation adopted, No. 1:22-CV-27-RP, 2025 WL 597084 (W.D. Tex. Feb. 21, 2025) (granting defendant's Motion for Summary Judgment on plaintiff's excessive side work claim based on *Restaurant Law Ctr.*).  As the Fifth Circuit explained, servers are inevitably required to perform duties other than serving tables, such as bussing and setting tables. Cutting fruit garnishes, washing silverware and trays, and filling ice and tea bins are tasks that fit comfortably into the Fifth Circuit's discussion of what constitutes a server's "tipped occupation" for purposes of the FLSA's dual jobs regulation:

> [A] waitress doing typical waitress duties remains a waitress, even if (in five-minute increments throughout her workweek) she spends 60 percent of her time waiting tables, 10 percent cleaning tables, 10 percent toasting bread, 10 percent making coffee, and 10 percent washing dishes. The dual jobs regulation—and common sense—tells us that the waitress is 100 percent engaged in the single tipped occupation of waitressing—she is not 60 percent a waitress, 10 percent a janitor, 10 percent a baker, 10 percent a barrista [sic], and 10 percent a dishwasher.

*Restaurant Law Ctr.*, 120 F.4th at 173 (quoting the dissent in *Marsh v. J. Alexander's LLC*, 905 F.3d 610 (9th Cir. 2018) (en banc)).  Defendants are entitled to summary judgment on Plaintiff's claim that they violated the FLSA by taking the tip credit for her work on tasks outside of her tipped occupation.  Accordingly, Plaintiff is not

entitled to summary judgment on her claim that Defendants violated FLSA by taking the tip credit for her work on tasks outside of her tipped occupation.

### D. Defendants are entitled to summary judgment on Plaintiff's claim that they failed to pay overtime wages.

The FLSA requires employers to pay employees 1.5 times the employee's regular rate of pay for all hours worked over 40 in a work week. 29 U.S.C. § 207(a)(1). Calculation of a tipped employee's regular rate of pay, and thus overtime rate, is governed by 29 C.F.R. § 531.60, which provides that "[a]ny tips received by the employee in excess of the tip credit need not be included in the regular rate."

Generally, it is the plaintiff's burden to prove she worked overtime for which she was not compensated. *Flores v. FS Blinds, L.L.C.*, 73 F.4th 356, 362 (5th Cir. 2023). An exception to this general rule exists when the employer fails to keep accurate time records. *Id.* In those cases, a plaintiff can succeed on an overtime claim by making a prima facie showing that she "has in fact performed work for which [s]he was improperly compensated" and the factfinder may find the "the amount and extent" of unpaid overtime worked "as a matter of just and reasonable inference." *Id.* However, even a prima facie showing requires more than "unsubstantiated assertions." *Id.*

The Salazars explained Maria Rita's record keeping procedures in their Declarations:

> Maria Rita's maintains electronic records of the hours worked by all hourly employees. At the beginning of each shift, the employee clocks in through the Point of Sale terminal located in Maria Rita's. At the end of their shift, they clock out in the same way through the Point of Sale system. That electronic data is input into Quickbook's payroll software, which calculated payroll based on the hours worked and the amount of tips Plaintiff received during each shift.

ECF 77-1 ¶17; ECF 77-2 ¶ 17. Further, Maria Rita employees were able to report errors in their time records or pay by completing a Payroll Adjustment Form, something Plaintiff never did. *Id.* ¶18. Defendants submitted into evidence copies of Plaintiff's time and pay records as recorded by the system described above. *Id.* ¶¶23-24; ECF 77-4; 77-5. The time records establish that Plaintiff never worked in excess of 40 hours per week during her employment. ECF 77-4. Therefore, Plaintiff bears the burden to prove she in fact worked overtime hours.

Plaintiff has presented nothing but unsworn, unsubstantiated assertions claiming she worked an average of 2.8 overtime hours per week. *See* ECF 65 at 11. She states, without support, that Defendants' records "do not record overtime, are inauthentic, and contain no verifiable information." *Id.* These conclusory assertions fail to satisfy her burden to create a genuine issue of material fact on the issue of whether she worked overtime hours. *See Ihegword v. Harris Cnty. Hosp. Dist.*, 555 F. App'x 372, 375 (5th Cir. 2014) (affirming the district judge's conclusion that "an unsubstantiated and speculative estimate of uncompensated overtime does not constitute evidence sufficient to show the amount and extent of that work as a matter

of just and reasonable inference."). Further, Plaintiff does not allege that she was forced to work "off the clock" and that Defendants were aware of it. *See Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005) (affirming summary judgment in favor of employer because plaintiff had no evidence that she actually worked overtime hours or that the employer was aware that she worked overtime hours without compensation). Defendants are entitled to summary judgment on Plaintiff's claim for overtime wages. Accordingly, Plaintiff is not entitled to summary judgment on her claim that Defendants violated FLSA by failing to pay her overtime wages.

### E. Defendants are entitled to summary judgment on Plaintiff's FLSA retaliation cause of action.

It is illegal for an employer to retaliate against an employee for complaining about FLSA violations. 29 U.S.C. § 215(a)(3). The Court evaluates Plaintiff's FLSA retaliation claim under the familiar *McDonnell Douglas* framework. *Stuntz v. Lion Elastomers, L.L.C.*, 826 F. App'x 391, 402 (5th Cir. 2020) (citing *Starnes v. Wallace*, 849 F.3d 627, 631–32 (5th Cir. 2017)). The elements of a prima facie claim for FLSA retaliation are "(1) participation in protected activity under the FLSA; (2) an adverse employment action; and (3) a causal link between the activity and the adverse action." *Skiba v. Timothy*, No. 4:20-CV-02656, 2023 WL 6725737, at *10 (S.D. Tex. Oct. 12, 2023) (citing *Hagan v. Echostar Satellite, LLC*, 529 F.3d 617, 624 (5th Cir. 2008); 29 U.S.C.A. § 215(a)(3). If Plaintiff presents a prima facie case

18

of FLSA retaliation, the burden shifts to Defendants to articulate a legitimate, nonretaliatory reason for terminating her. *Starnes*, 849 F.3d at 632. If Defendant presents a legitimate, non-retaliatory reason for the termination, Plaintiff must "identify evidence from which a jury could conclude that [Defendants'] proffered reason is a pretext for retaliation." *Id.*

Defendants challenge Plaintiff's ability to prove the first element of her prima facie case—that she engaged in protected activity. ECF 84 at 14-16; ECF 77 at 18-19. Defendants further argue that Plaintiff cannot meet her burden to show that Defendants' stated reason for terminating Plaintiff is pretext for retaliation. ECF 77 at 19. Plaintiff argues that she engaged in protected activity when she complained about the unequal distribution of tables twice in March, 2023, and again on May 10, 2023, in connection with the events that precipitated her termination. ECF 65 at 15 (citing screen shots of her phone, ECF 65-3 at 17-22). Plaintiff argues that this is protected activity under the FLSA because the unfair distribution of tables impacted her tips. *Id.* She also argues that the timing of her May 10 complaint and her termination the next day satisfies her causation burden. *Id.* at 16.

The practices Plaintiff complained about in her March and May texts may have been unfair and may have negatively impacted her tips. However, no provision of the FLSA requires an employer to assign servers the same number of tables or to afford servers equal opportunities to earn tips. The FLSA does not protect

employees from retaliation for all complaints about unfair working conditions, only for complaints about practices that are barred by the FLSA. *See Rodriguez v. City of Corpus Christi*, 129 F.4th 890, 898 (5th Cir. 2025) (holding that the Fifth Circuit does not view "every abstract grumbling or vague expression of discontent as an actionable complaint" and the employee's complaint must be a clear assertion of rights protected by the statute); *Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617, 626 (5th Cir. 2008) (holding that an informal complaint may constitute protected activity but the complaint must concern some violation of law). Plaintiff's evidence does not establish protected activity because her complaints about having tables taken away and managers not respecting her did not alert her employer to any alleged FLSA violations. ECF 65-3 at 17-22.

Even if Plaintiff's complaints constitute protected activity, Plaintiff has not met her burden to show that Defendants' stated reason for terminating her—that she walked out on her May 10, 2023 shift—is pretext for discrimination. Plaintiff does not dispute, and the record shows, that Plaintiff left her shift early on May 10, 2023 after an argument with the manager on duty, Yadira Soto, about having her table taken away. ECF 65-3 at 17. Defendants' May 11, 2023 Documentation of Plaintiff's termination states that Plaintiff was terminated because she walked out on her shift on May 10, 2023 in violation of Maria Rita's Policy Handbook. ECF 65-4 at 23.

While temporality may be sufficient to meet a plaintiff's prima facie burden to show causation, the temporal proximity of Plaintiff's May 11, 2023 termination is not enough to satisfy Plaintiff's summary judgment burden to show that Defendants' stated reason for terminating her is pretext for retaliation. To survive summary judgment, Plaintiff must present "substantial evidence" that Defendant's stated reason for her termination is not worthy of credence and is pretext for discrimination. *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 233 (5th Cir. 2015) (explaining that "[e]vidence is substantial if it is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions" and "[a]n explanation is false or unworthy of credence, and thus pretextual, if it is not the real reason for the adverse employment action." (citations omitted)).  Plaintiff has presented no such evidence.

Plaintiff argues that Defendants' failure to follow its own disciplinary procedures before terminating her constitutes evidence of pretext.  ECF 65 at 16. Generally, failure to follow internal procedures will not create a genuine issue of material fact as to pretext. *Irby v. Wormuth*, No. W-21-CV-01143-ADA-DTG, 2023 WL 4878866, at *4 (W.D. Tex. July 31, 2023), *report and recommendation adopted*, No. 6:21-CV-01143-ADA-DTG, 2023 WL 6201388 (W.D. Tex. Sept. 22, 2023) (citing *Grubb v. Sw. Airlines*, 296 F. App'x 383, 390 (5th Cir. 2008));  *Loveless v. Texas Dep't of Assistive & Rehab. Servs.*, No. A-11-CV-740-LY, 2014 WL 774700,

at \*6 (W.D. Tex. Feb. 25, 2014) (stating that a violation of internal policies is evidence of pretext only when viewed in combination with other relevant facts). Plaintiff argues that Defendants failed to follow the usual policy of giving warnings prior to terminating an employee, citing the "Absence policy" and Tardy Policy" call for progressive warnings before termination. ECF 65 at 17; ECF 77-7 at 2. However, Defendants fired Plaintiff because she "walked out on [her] shift," not because she was tardy or absent. *Id.* The Maria Rita Handbook emphatically states that "leaving your job before the scheduled time without the permission of the Manager on duty" "MAY RESULT IN DISCIPLINARY ACTION UP TO AND INCLUDING IMMEDIATE TERMINATION WITHOUT A WRITTEN WARNING." ECF 77-3 at 7 (capitalization in original).

The undisputed summary judgment evidence establishes that Plaintiff left her shift early on May 10, 2023 because Defendants' "managers don't respect me as a server [and] I'm not going to work like that." ECF 65-3 at 17. Plaintiff cannot meet her summary judgment burden, either on her affirmative motion for summary judgment or in response to Defendants', to show that Defendants' legitimate, non-retaliatory reason for her termination is pretextual.

## V.    Conclusion and Recommendation

For the reasons set forth above, the Court RECOMMENDS that Defendants' Motion for Summary Judgment (ECF 77) be GRANTED in part and Plaintiff's

Motion for Summary Judgment (ECF 65) be DENIED in full. The Court RECOMMENDS that Plaintiff's claim that Defendants violated the FLSA by failing to inform her of the tip credit be retained for trial and all of Plaintiff's other claims be DISMISSED WITH PREJUDICE.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on July 08, 2025, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge