United States District Court
Southern District of Texas
**ENTERED**
July 14, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONCEPCION VARGAS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-23-4267 |
| | § | |
| ALEJANDRO SALAZAR, RAMON | § | |
| SALAZAR, and SALAZAR & SON'S | § | |
| GROUP LLC-MARIA RITA'S | § | |
| TEX-MEX KITCHEN, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Concepcion Vargas ("Plaintiff"), who is appearing pro se, brought this action against Alejandro Salazar, Ramon Salazar, and Salazar & Son's Group LLC-Maria Rita's Tex-Mex Kitchen (collectively, "Defendants") in the 157th District Court of Harris County, Texas on October 16, 2023.[1] The action was removed to this court on November 10, 2023.[2] On July 28, 2025, the district court adopted Magistrate Judge Christina A. Bryan recommendation that the Defendants be granted summary judgment on all claims but one.[3] On

---

[1]Plaintiff's Original Petition and Application for Temporary Injunction, Exhibit 2 to Defendants' Notice of Removal, Docket Entry No. 1-2, pp. 3-4. For the purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing System.

[2]Defendants' Notice of Removal, Docket Entry No. 1.

[3]Memorandum and Recommendation, Docket Entry No. 103, pp. 22-23; Order Adopting Magistrate Judge's Memorandum and
                                        (continued...)

April 17, 2026, after holding a bench trial on Plaintiff's remaining claim against Defendants, the court entered a Final Judgment dismissing this action with prejudice and taxing costs against Plaintiff.[4]  On May 1, 2026, Defendants filed a Bill of Costs.[5]  On May 28, 2026, the court entered an order denying Plaintiff's objections to the Bill of Costs, concluding that "Plaintiff has [not] provided any cogent reason for the court to exercise its discretion to deny or reduce the" Bill of Costs.[6]

Pending before the court is Plaintiff's Motion to Stay Enforcement and Collection of Taxed Costs Pending Appeal ("Motion to Stay") (Docket Entry No. 165).  In their response, Defendants argue that Plaintiff has not met her burden of demonstrating that a stay is warranted.[7]

When determining whether to grant a stay pending appeal, "a court considers four factors: '(1) whether the stay applicant has made a strong showing that [s]he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially

---

[3](...continued)
Recommendation, Docket Entry No. 104, p. 1.

[4]Findings of Fact and Conclusions of Law, Docket Entry No. 152, p. 8; Final Judgment, Docket Entry No. 153, p. 2.

[5]Bill of Costs, Docket Entry No. 158, p. 1.

[6]Order, Docket Entry No. 162, p. 2.

[7]Defendants' Response in Opposition to Plaintiff's Motion to Stay Enforcement and Collection of Taxed Costs Pending Appeal, Docket Entry No. 166, p. 1.

injure the other parties interested in the proceeding; and (4) where the public interest lies.'" <u>Nken v. Holder,</u> 129 S. Ct. 1749, 1756 (2009) (quoting <u>Hilton v. Braunskill,</u> 107 S. Ct. 2113, 2119 (1987)).   The movant bears the burden of showing that a stay pending appeal is warranted. <u>Id.</u> at 1761.   "Ordinarily a bond must be posted to stay execution of a judgment pending appeal." <u>Halliburton Energy Services, Inc. v. NL Industries,</u> Civil Action Nos. H-05-4160, H-06-3504, 2008 WL 2787247, at *1 (S.D. Tex. Jul. 16, 2008).

Plaintiff has failed to meet her burden of demonstrating that a stay is warranted.   First, Plaintiff makes no showing that she is likely to succeed on appeal.   Plaintiff merely asserts that "[i]f [she] prevails on appeal, the judgment may be reversed, vacated, modified, or remanded for further proceedings."[8]   Second, Plaintiff has not demonstrated irreparable harm.   Although Plaintiff states that she is "proceeding pro se and has limited financial resources," these assertions without more are not sufficient to constitute irreparable harm.   <u>Gibson, Inc. v. Armadillo Distribution Enterprises, Inc.,</u> Civil Action No. 4:19-Cv-358, 2025 WL 2698115, at *5 (E.D. Tex. Sept. 22, 2025) ("Irreparable harm generally exists if the injury cannot be undone through monetary relief.") (internal quotations omitted).   Moreover, the court already rejected this argument in its order denying Plaintiff's

---

[8]Motion to Stay, Docket Entry No. 165, p. 1.

objections to the Bill of Costs.[9]  Finally, Plaintiff has not established that the issuance of a stay will not substantially injure Defendants or that the public interest favors a stay. Although Plaintiff argues that "Defendants will suffer little or no prejudice from a temporary stay because the amount at issue is modest" and that "[t]he interests of judicial economy and fairness favor maintaining the status quo,"[10] the court finds these bare assertions unpersuasive.

Accordingly, Plaintiff's Motion to Stay Enforcement and Collection of Taxed Costs Pending Appeal (Docket Entry No. 165) is **DENIED**.

**SIGNED** at Houston, Texas, on this 14th day of July, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[9]Order, Docket Entry No. 162, p. 2.

[10]Motion to Stay, Docket Entry No. 165, p. 2.

-4-